

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00069-CR

RAYMOND DOYLE GILBERT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 392nd District Court
Henderson County, Texas
Trial Court No. CR17-0194-392

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

A Henderson County jury[1] convicted Raymond Doyle Gilbert of aggravated assault with a deadly weapon after Gilbert assaulted J. Hays with a screwdriver.[2] Gilbert was sentenced to life in prison[3] and was ordered to pay $9,156.00 in attorney fees for his court-appointed attorney. On appeal, Gilbert argues that the trial court erred in permitting the State to discuss parole issues during closing arguments. Gilbert also argues that because he was indigent, the trial court erred in ordering him to pay the fees of his court-appointed counsel.

We find that Gilbert failed to preserve his first point of error. However, we sustain Gilbert's second point of error because there was no evidence to support the order to pay attorney fees. We therefore delete the attorney fee assessment from the judgment and affirm the judgment, as modified.

## I.     Gilbert's Complaint of Improper Jury Argument Is Unpreserved

During the closing argument of the punishment phase of trial, the State explained the indictment's enhancement paragraphs to the jury. The State also discussed the jury charge and certain aspects of parole law. Gilbert complains about the following comments by the State:

> And back in 1995 . . . a Judge or a jury in Dallas County said we've had enough of Raymond Gilbert, and sentenced him to life in prison back in 1995. And that didn't work. Because as you heard him say, he got out on parole after 12 years.

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. PENAL CODE ANN. § 22.02.

[3]The punishment range for Gilbert's second-degree-felony conviction was enhanced by two prior felony convictions. *See* TEX. PENAL CODE ANN. § 12.42(d).

. . . .

If you look at this jury charge on Page 2, that last paragraph. Under the law applicable in this case, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed, or 30 years, whichever is less.

. . . . That deadly weapon makes this an aggravated offense which means that he has to serve at least half of whatever you sentence him to. Or if you sentence him to 60 years or more, anything above that, he has to serve 30.

. . . .

So it's half of the sentence up until 60. Anything after 60 is 30 years.

And he said that that sentence out of Dallas County, that life sentence in 1995 . . . .

It was not until this point that Gilbert objected "to discussing parole. The charge talks about parole, and it specifically says they're not allowed to consider how parole might affect this defendant." The trial court then stated, "The -- all the law as it applies to deliberation has been given and read to the jury, and the original will be in the jury room." Gilbert made no further objections and made no request for instruction.

"The right to a trial untainted by improper jury argument is forfeitable." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App 1996)). To preserve a complaint for appellate review, "the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1). And, "to cure erroneous jury argument, the defendant must object and pursue his objection to an adverse ruling." *Hernandez*, 538 S.W.3d at 622; *Hinojosa v. State*, 433 S.W.3d 742, 761 (Tex. App.—San Antonio 2014, pet. ref'd). "A trial court's ruling on a matter need not

3

be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling." *Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995); *see Montanez v. State*, 195 S.W.3d 101, 104 (Tex. Crim. App. 2006); *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991) ("[I]t must be clear from the record the trial judge in fact overruled the defendant's objection or otherwise error is waived."). Here, the trial court's comment is more in line with an instruction to the jury. In any event, the trial court did not overrule Gilbert's objection, and Gilbert did not pursue his objection to an adverse ruling. Consequently, Gilbert did not preserve this point of error for our review. *See Hernandez*, 538 S.W.3d at 622.

## II. Improper Assessment of Attorney Fees

A trial court is authorized to order the reimbursement of court-appointed attorney fees as court costs only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the trial court declared Gilbert indigent and appointed counsel for trial. Therefore, he was "presumed to remain indigent for the remainder of the proceedings in the case" absent record proof of a material change in his financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.); *see Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Because

4

the record is devoid of proof of a material change in Gilbert's financial circumstances, the evidence is insufficient to support the order to pay attorney fees in the written judgment. The State concedes the error.

Appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). Accordingly, we modify the trial court's judgment by deleting the order to pay attorney fees from the judgment.

## III.    Conclusion

We delete the order to pay attorney fees from the judgment and affirm the trial court's judgment, as modified.

Ralph K. Burgess
Justice

Date Submitted:    August 29, 2019
Date Decided:      August 30, 2019

Do Not Publish

5